**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ganesh Boodhoo Jr. )<br>　　Plaintiff )<br>　　v. )<br>City of New York, Police Officer )<br>John Iodice, )<br>　　Defendants. )<br>_____ | **COMPLAINT**<br><br>JURY TRIAL DEMAND |

**PRELIMINARY STATEMENT**

1.　　Ganesh Boodhoo ("Mr. Boodhoo or Plaintiff"), a member of the United States Army reserve, was falsely arrested as a result of the misconduct of NYPD Officer John Iodice.

2.　　Mr. Boodhoo brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his rights under the Constitution of the United States of America and the New York State Constitution as well as common law claims.

**JURISDICTION AND VENUE**

3.　　This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth , Eighth, and Fourteenth Amendments to the United States Constitution, as well as the New York State Constitution and New York Common Law..  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Mr. Boodhoo's claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

4. Venue lies in the Southern District of New York under 28 U.S.C.§ 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in the District.

## THE PARTIES

5. Plaintiff Ganesh Boodhoo is a resident of Bronx County, Bronx, New York.

6. Defendant Police Officer John Iodice–was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in her individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

## STATE LAW CLAIMS PREREQUISITES

7. That all acts and incidents complained of herein occurred in Kings County, City, and State of New York.

8. That within 90 days after the state law claim of False Imprisonment accrued, plaintiff served a Notice of Claim, in writing, sworn by the claimant, containing the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when, the place and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendants by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

9. That plaintiff appeared for a hearing pursuant to § 50-H of the General Municipal Law on or about June 11, 2024.

10. That the defendants have not adjusted, settled the claim since the Notice of Claim was served and it has exceeded 30 days. hat this claim has been commenced and this action has been started within one year and ninety days after the accrual of the state law violation upon which the New York State law claims are based. hat all conditions and requirements precedent to the commencement of this action have been complied with.

**JURY DEMAND**

11. Plaintiff Ganesh Boodhoo demands a jury trial.

**STATEMENT OF FACTS COMMON TO ALL CLAIMS**

12. Mr. Goodhoo, currently a member of the United States Army Reserve, has been a military police officer since 2014.

13. As a federal law enforcement officer, Mr. Boodhoo legally carries a firearm obtained pursuant to the Law Enforcement Officer Safety Act (LEOSA).

14. On March 26, 2023, Plaintiff was en route to work as a security officer at Co-op City, a housing development in the Bronx.

15. While enroute to work, he had his legally obtained firearm in his bookbag.

16. There were essentially no other cars on the road, and Plaintiff proceeded at a reasonable speed to work.

17. While driving his motorcycle, Plaintiff was stopped by Officer Iodice. At the time of the arrest, the basis for the stop was unclear as Officer Iodice did not provide an explanation.

18. Officer Iodice, after taking Plaintiff's license, registration, military identification, and firearm authorization, approached Plaintiff and asked him whether he had a firearm.

19. Plaintiff responded that his firearm was in his bookbag. Officer Iodice asked if he could call someone from his job to take the firearm from him so that he would not have to voucher the firearm at the precinct.

20. Officer Iodice went on to tell Plaintiff that he would give him a DAT and that he would be out in a few hours and be able to go back to work.

21. Other officers who were co-workers of Plaintiff arrived and took his belongings. Plaintiff was taken under the arrest and taken to the precinct.

22. After finding the firearm, the co-workers dropped the bag off at the precinct so the NYPD officers could confirm that the gun was legally obtained.

23. Instead of confirming that Plaintiff had legal possession of the gun, Defendant charged Plaintiff with criminal possession of a weapon in the second degree, despite knowing that the gun was legally obtained.

24. Defendant also created an entire fictional narrative about Plaintiff's conduct prior to arrest, including that he was driving at 100 miler per hour, that he was weaving between traffic, and that he was driving his motorcycle in a dangerous and reckless manner.

25. As a result of the charges, Plaintiff's job determined that he was unlawfully in possession of a weapon and terminated his employment. He was not re-hired even after the charges were dismissed.

26. But for the false arrest, malicious prosecution, and contravention of Brady v. Maryland Plaintiff would not have been terminated from his place of employment.

27. All charges against Plaintiff were ultimately dismissed.

28. None of the aforementioned acts were protected by legal privilege, nor were such acts legally justified. Said occurrence and the injuries and damages sustained by claimant were

due solely to the negligence, carelessness, recklessness and willful misconduct of the NYPD, its agents, servants and/or employees.

29.     As a result of the defendants' conduct, plaintiff has been caused to suffer, *inter alia*, severe anxiety, humiliation, and embarrassment, damage to personal reputation, apprehension, , emotional and psychological trauma, loss of income, and violation of rights under the New York Constitutions, and applicable statutory and case law.

## CLAIMS FOR RELIEF
### Claim I:  False Arrest Under U.S.C. § 1983, NY State Law, & AC§ 8-802
*Against City of New York & Police Officer John Iodice*

30.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

31.     That on March 26, 2023, and at all times hereinafter mentioned and upon information and belief, both Defendants, without justification and without probable cause, imprisoned the Plaintiff.

32.     That the Defendants acting under the color of the law, intentionally confined the Plaintiff against his will and said confinement was not privileged.

33.     As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and their standing within their community.

34.     The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or

seizure.

**Claim II: Malicious Prosecution Under 42 U.S.C. § 1983 and NY State Law**
*Against Police Officer John Iodice & City of New York*

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

36. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants and other unidentified officers of the NYPD present on the scene without probable cause.

37. Officer Iodice maliciously claimed that Mr. Boodhoo possessed an illegal firearm, that he was speeding over 100 miler per hour, and that he was weaving in and out through traffic.

38. Defendants commenced this criminal action out of malice.

39. The criminal action against plaintiff has terminated in her favor.

40. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

41. That plaintiff was conscious of the confinement.

42. That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

43. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York and of the United States.

44. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

### Claim III: Violation Of The Right To A Fair Prosecution And Due Process Of Law Under 42 U.S.C. § 1983
*Against Police Officer John Iodice*

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. DEFENDANTS failed to timely disclose material favorable to the defense in contravention of Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny.

47. The individual DEFENDANTS acting individually and in concert and conspiracy, deliberately, and recklessly.

48. At all times DEFENDANTS were acting within the scope of their employment with the DEFENDANT, THE CITY OF NEW YORK, at the aforesaid location.

49. That this information caused Plaintiff to be denied her liberty and right to a fair prosecution in violation of Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

### Claim IV: Assault and Battery Under New York State Law
*Against Police Officer John Iodice & City of New York*

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

51. That, on or about March 26, 2023, Defendants, who were acting within the scope of their employment with the Defendant, The City of New York, at the aforesaid location.

52. That, on or about March 26, 2023, Defendants committed an assault and battery knowingly, intentionally and willfully.

53. That, on or about March 26, 2023 the individual Defendants who committed the aforementioned assault and battery upon the Plaintiff were acting within the scope of their employment with the Defendant, The City of New York.

54. That on or about March 26, 2023 the assault and battery on the Plaintiff was without probable cause and was not the result of a lawful arrest.

55. By reason of the foregoing, Defendants are liable to Plaintiff for damages.

56. As a result of Defendant's impermissible conduct, Plaintiff demand judgment against Defendant's in a sum of money to be determined at trial.

### Claim V: Violations of the New York State Constitution

57. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

58. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

    a. freedom from unreasonable search and seizure of his person and property;

    b. freedom from arrest without probable cause;

    c. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

    d. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

    e. freedom from deprivation of liberty without due process of law.

59. As a direct and proximate result of defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical, economic and emotional injuries, as well as a deprivation of liberty.

60. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

61. As a result of the above unconstitutional conduct, the City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

[REMAINDER INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive Damages;
c. Reasonable costs and attorneys' fees under 42 U.S.C. § 1988;
d. Pre- and post-judgment interest to the fullest extent permitted by law; and
e. Any additional relief the Court deems just and proper.

    DATED: this 21st Day of June 2024        New York, New York

Yours, etc.

Lord Law Group PLLC

_____
Masai I. Lord, Esq.
14 Wall St., Ste 1603
New York, NY 10279
718-701-1005

    *Counsel for Plaintiff Ganesh Boodhoo*