

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THOMAS LAI**
*Senior Counsel*
E-mail:tlai@law.nyc.gov
Phone: (212) 356-2336
Fax: (212) 356-3509

December 11, 2025

**VIA ECF**
Honorable Dale E. Ho
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:     *Ganesh Boodhoo Jr. v. City of New York, et al.*
>          24 Civ. 04727 (DEF)

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney assigned to defend the City of New York and John Iodice. The parties write to jointly provide the Court with a status update in accordance with Your Honor's Order dated October 20, 2025. The Parties further write to renew the previously filed motion to extend discovery. In addition, Defendants write to renew the previously filed motion to compel a release to obtain Plaintiffs firearm permit applications and to request that the Court maintain the Telephone Conference scheduled for December 18, 2025, to address these applications.

### Procedural History

On October 20, 2025, the Court granted the parties application to extend discovery to December 5, 2025 and scheduled a Post-Discovery Conference for December 18, 2025. *See* Order dated October 20, 2025. The Court further ordered the parties to submit a joint status letter by December 11, 2025, indicating whether any party intends to file a dispositive motion, describing efforts the parties have made to settle the action, and whether the parties request referral for settlement to a magistrate judge or to the District's Mediation Program.

In addition, on December 3, 2025, Defendants filed a motion to extend discovery to February 5, 2025 and to compel Plaintiff to produce a completed and executed release to obtain Plaintiff's firearm permit applications. Dkt. No. 44. On December 5, 2025, an updated Civil Case Management Plan was filed with the Court. Dkt. No. 46. On December 8, 2025, Plaintiff responded to the motion to compel by producing Plaintiff's Notice of Disapproval for a carry guard handgun license and requested that the Court deem Defendants' application moot given this disclosure. Dkt. Nos. 45, 47. On December 9, 2025, the Court denied, without prejudice, Defendants' motions as moot based on Plaintiff's request and production.

### Status Update

With request to the information sought pursuant to the October 20th Order, Defendants intend to file a motion for summary judgment following the close of discovery and anticipate requesting referral for settlement discussions before a magistrate judge. *See* Order dated October 20, 2025. However, these applications are premature at this time because, as set forth below, discovery is ongoing, and the parties are requesting an extension. To date, settlement demands and responses have been exchanged and the parties briefly discussed settlement. However, it does not appear that this matter will be resolved at this juncture.

### Discovery Extension Application

Defendants' motion for a discovery extension dated December 3, 2025, was denied without prejudice following Plaintiff's request that the Court deem the application moot. Dkt. Nos. 44, 47, 48. The parties now write jointly to respectfully request that discovery be extended, *nunc pro tunc*, from December 5, 2025 to February 5, 2025. As indicated in the previous application, the reason for this request is to allow more time to locate documents the City was directed to produce pursuant to Your Honors Order granting Plaintiff's motion to compel and for the depositions of Plaintiff and Officer Iodice. *See* Dkt. Nos. 40, 44. As stated at the conference, Plaintiff purports that these documents are needed prior to deposing Officer Iodice.

### Defendants' Motion to Compel

Defendants' motion to compel was denied without prejudice as moot following Plaintiff's production of the Notice of Disapproval for a Carry Guard Handgun License. *See* Dkt. Nos. 44, 47, 48. However, this production respectfully does not render Defendants' previous motion moot and Defendants renew their application herein. Defendants refer the Court to their December 3rd application for a full recitation of their arguments therein.

Plaintiff was initially arrested for Vehicle and Traffic Law violations and was permitted to contact his employer to collect his belongings, including a firearm he informed the officer was in his possession. *See* Complaint, Dkt. No. 1, ¶19, 21, 22. According to Plaintiff's employment records, one of his colleagues who recovered Plaintiff's belongings returned Plaintiff's belongings to the precinct after discovering the firearm because the firearm was not required for his employment, as he was a probationary dispatcher, and not a guard. This led to an investigation into whether Plaintiff could lawfully possess and carry a firearm in New York prior to his arrest for criminal possession of said firearm. Plaintiff is alleging that he was falsely arrested for unlawful possession of a firearm which he legally possessed pursuant to his Law Enforcement Officers Safety Act ("LEOSA") license. Plaintiff is using his LEOSA license as a sword in this case. Defendants should be able to access the information necessary to defend itself against Plaintiff's claims.

The Notice of Disapproval is insufficient to satisfy Defendants' discovery request because it only references the final determination of Plaintiff's application. It indicates that the final determination was "[b]ased on a thorough investigation" but it by no means describes the findings of this "thorough" background investigation or the extent of such investigation. Moreover, Plaintiff has not addressed Defendants' argument that the release is relevant to the City's defenses and that Defendants have the right to ascertain whether NYPD ever previously investigated the status of Plaintiff's LEOSA license or took Plaintiff's LEOSA license into account during the application processes before his State firearm applications were denied.

known to Officer Iodice at the time of the arrest for gun possession, and whether Plaintiff had a LEOSA license; or objects to providing a release because it is not likely to lead to admissible evidence, these arguments are unavailing. Currently, at issue is not whether this information is admissible, but rather whether it is relevant and therefore discoverable. *See* Rule 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense). Upon information and belief, as part of Officer Iodice's investigation he would have had access to, and would have relied upon, Plaintiff's New York State firearm permit application history which, upon information and belief, indicated that Plaintiff was denied a license twice before and had a pending application. As such, it is relevant to know what information Officer Iodice read, as well as determine whether the New York City Police Department ("NYPD") ever investigated the validity of Plaintiff's LEOSA license as part of the background associated with Plaintiff's state permit application. Denial of Defendants' motion would greatly inhibit the Law Department's ability to communicate with the NYPD Licensing Division about information pertaining to whether they ever checked into Plaintiff's LEOSA license.

## Conclusion

Accordingly, the Parties respectfully request discovery be extended until February 5, 2025, and for the Court to endorse the previously filed updated Case Management Plan. In addition, Defendants respectfully request that Plaintiff be compelled to produce a completed and signed release for Plaintiffs firearm permit applications, by a date certain, and for the Court to maintain the Telephone Conference currently scheduled December 18, 2025.

The Parties thank the Court for its attention to this matter.

**The Court is in receipt of the endorsed correspondence. The fact discovery deadline is hereby EXTENDED to February 5, 2026. Plaintiff is ORDERED to file a letter response to the renewed motion to compel not exceeding two (2) pages no later than December 15, 2025. The Court maintains the scheduled conference for December 18, 2025 in the event the motion to compel cannot be decided on the letters.**

Respectfully submitted,

*Thomas Lai s/*
Thomas Lai
Senior Counsel
Special Federal Litigation Division

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: December 12, 2025
New York, New York

3